UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA HICKS, JASMIN MCBRIDE, and LORENZO SMITH, | ) ) ) | |
| Plaintiffs, | ) ) | No. 15 C 06852 |
| v. | ) ) ) | Judge Edmond E. Chang |
| COOK COUNTY SHERIFF'S OFFICE, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

On April 17, 2018, the Court held a hearing on Plaintiffs' motion [148] to compel discovery from (primarily) the County Defendants. This Order summarizes the in-court decisions made during the hearing.

**Privilege log.** The defense assertion of privilege over LEADS information is overruled. The information is relevant to the claims and thus Federal Rule of Civil Procedure 26(b)(1) authorizes disclosure absent a valid privilege. The case cited in the defense response, R. 153 at 2, does not address discoverability of LEADS information. The converse would be true too: if a police officer needed to disclose LEADS information to defend against a claim (for example, lack of probably cause), then the officer would be permitted to disclose. The disclosure is due by April 30, 2018.

**Document Requests 11, 12, 13; and 29.** There is no longer a *Monell* or RICO claim, but as to the individual named Defendants, the Sheriff's Orders relating to interaction with civilians during arrests; civilian assistance in investigations; searches of civilians and arrestees; and consent-to-search forms, all as of July 2, 2015, are discoverable.

**Document Request 14 and Interrogatory 15.** The defense will finish gathering the cell phone numbers, both government and personal, of the individual Defendants as of July 2, 2015 through July 8, 2015. The defense shall serve subpoenas on service providers for call records for July 2 to July 8, 2015, no later

than April 24, 2018 (as usual, provide copies of the subpoenas to the other parties). If no response is received from a provider by May 29, 2018, then the defense shall file a motion to compel by June 7, 2018. Defense counsel shall review the call records and disclose the information showing the Defendants' calls to each other and showing any other calls that are otherwise relevant to the claims and defenses.

**Interrogatory 4.** Defendants shall disclose the list of prior lawsuits against the individual Defendants by May 1, 2018.

**Document Request 7.** Defense counsel shall inquire who would be an appropriate Rule 30(b)(6) witness on the purpose of the Street Crimes Suppression Unit as of July 2, 2015. The defense shall disclose the identity of the person and records (if any) that provide that information (such as organizational-chart memorandum that describes the Unit's purpose). The disclosure is due by May 1, 2018.

**Document Request 31.** The defense shall disclose any reports, from July 2, 2, 2010 to July 2, 2015, reflecting that an individual Defendant agreed to refrain from arresting or charging (or agreed to drop charges against) an individual in exchange for the individual providing a firearm (or firearms). This is relevant information because Plaintiffs are entitled to ask whether, even if properly documented on its face, the individuals actually provided the firearm as part of voluntary cooperation or instead were compelled to do so.

**Document Requests 34, 35.** The defense shall disclose inventory reports, from July 1, 2014 through July 1, 2015, of firearms submitted for inventorying by any of the individual Defendants. Either side can move to expand or to narrow the time period after the defense makes the initial search for these reports. The disclosure is due by May 4, 2018.

**Interrogatory 5.** The complaint histories of the individual Defendants are discoverable and shall be disclosed by May 7, 2018.

**Interrogatory 11.** Defendants shall answer this interrogatory (whether they violated any rule or policy of the Sheriff's Office) by May 11, 2018.

**Interrogatory 13.** This interrogatory is overbroad, especially in light of the more specific (and in some ways, broader in time period) information to be disclosed on civilians providing firearms to the officers.

**Other Discovery Matters.** The Court shared is preliminary view on Murphy's motion [151] to compel discovery responses (concerning from whom Plaintiffs obtained or tried to obtain the firearm). Plaintiffs' response is due by May 1, 2018. The reply is due by May 15, 2018. The same briefing schedule applies to Mears's motion [158] to compel answers on the contention interrogatories (again, the Court shared its preliminary views).

The non-party subpoena deadline and the July 8, 2018 fact discovery deadline is suspended for now and will be reset at the next status hearing. The next status hearing is set for May 30, 2018, at 2 p.m.

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: April 18, 2018